IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JESUS MARTINEZ ORTIZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 3:16-CV-00518-KC |
| | § | |
| JICHASA, LLC, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

On this day, the Court considered Defendant Jichasa, LLC's Motion to Dismiss for Failure to State a Claim, ECF No. 4. For the reasons set forth herein, the Motion is **DENIED**.

**I.  BACKGROUND**

The following facts are alleged in the Plaintiff's Original Complaint ("Complaint") and, at this stage, must be accepted by the Court as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff Jesus Martinez Ortiz ("Plaintiff") is a domiciliary of Ciudad Juárez, Chihuahua, Mexico and a resident and citizen of the Republic of Mexico. Compl. 1, ECF No. 1.[1] Defendant Jichasa, LLC ("Defendant") is a limited liability company organized under the laws of the State of Texas and has its principal place of business in El Paso County, Texas. *Id.*

In November 2014, Plaintiff was hired by Proveedora Internacional de Servicios y Logistica S. de R.L. de C.V. ("Proveedora"), a company based in Ciudad Juárez, Chihuahua, Mexico. *Id.* at 2. Proveedora and Defendant "have an agreement that requires Proveedora to share or assign employees to work for [Defendant]." *Id.* Immediately after hiring Plaintiff, Proveedora assigned him to work exclusively for Defendant as a warehouse clerk in El Paso, Texas. *Id.* Defendant's business includes warehousing, shipping, and logistical services. *Id.*

---

[1] The Plaintiff has failed to number the pages in his Complaint. Therefore, all citations to the Complaint refer to the page numbers provided by the Court's electronic docketing system. The same is true of Defendant's Motion to Dismiss.

1

After his assignment by Proveedora, Plaintiff did not perform services for any other employer. *Id.* at 2–3. Rather, he worked at Defendant's El Paso warehouse full time and was required to abide by and follow Defendant's employment policies. *Id.* at 3. In addition to issuing Plaintiff a work schedule and uniform, Defendant provided Plaintiff with the training, equipment, tools, and materials necessary for him to perform his duties as a warehouse clerk. *Id.*

Concerning compensation, Defendant paid Plaintiff in Mexican pesos. *Id.* Plaintiff's gross weekly salary was initially set at 2,531.69 Mexican pesos.[2] *Id.* That amount was later increased to 2,555.00 Mexican pesos. *Id.* Plaintiff's salary remained the same regardless of the number of hours he worked during a pay period. *Id.* Accordingly, Plaintiff's salary was below the minimum wage and did not include compensation for overtime. *Id.* Until his "separation" from Defendant and Proveedora on June 30, 2016, Plaintiff's only source of income was his work as a warehouse clerk for Defendant. *Id.*

On December 23, 2016, Plaintiff filed suit in this Court, asserting multiple claims under the Fair Labor Standards Act ("FLSA"). Defendant responded by filing its Motion to Dismiss ("Motion") on March 9, 2017. Plaintiff's Response to Defendant's Motion ("Response") and Defendant's Reply to Plaintiff's Response ("Reply") were filed on May 31, 2017, and June 7, 2017, respectively.

## II.     DISCUSSION

### A.     Standard

A motion to dismiss pursuant to Rule 12(b)(6) challenges a complaint on the basis that it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a Rule

---

[2] Plaintiff alleged that he was hired by Proveedora in November 2014. On November 1, 2014, the exchange rate was 13.4779 Mexican pesos to the American dollar. *Historical Rate Table for MXN – Peso on 11/01/2014*, XE, http://www.xe.com/currencytables/?from=MXN&date=2014-11-01 (last visited September 25, 2017). This amounts to pay of $189.57 per week. Assuming a forty-hour workweek, Plaintiff's hourly wage in U.S. dollars would have been approximately $4.70 at that time.

12(b)(6) motion, the court must accept well-pleaded facts as true and view them in a light most favorable to the plaintiff. *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Though a complaint need not contain "detailed" factual allegations, a plaintiff's complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (internal quotation marks omitted) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *Colony Ins. Co.*, 647 F.3d at 252. Ultimately, the "[f]actual allegations [in the complaint] must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citation omitted). Nevertheless, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

**B.     Analysis**

In its Motion, Defendant makes several arguments concerning the sufficiency of Plaintiff's Complaint. However, at bottom, Defendant's arguments implicate two issues: (1) whether Plaintiff plausibly alleged an employment relationship with Defendant and (2) the significance of Plaintiff's allegations concerning Defendant's enterprise status under the FLSA. The Court addresses each issue below.

3

### 1. Plaintiff's employment relationship with Defendant

Defendant first contests the sufficiency of Plaintiff's allegations by pointing out that "Plaintiff admits he was hired by Proveedora, a Mexican based company." Mot. to Dismiss 4, ECF No.4. Defendant further argues that "[n]owhere in his Original Complaint does Plaintiff allege that Defendant offered him employment, or that he was party to an employment contract with [Defendant]." *Id.* Therefore, in Defendant's eyes, Plaintiff "failed to plead sufficient facts to show that . . . [Defendant] owed any duty to Plaintiff under the FLSA." *Id.* However, Defendant cites no authority and provides little analysis relevant to employer-employee relationships in support of its argument.[3]

Plaintiff responds that Defendant "has failed to consider that [Defendant] and Proveedora were joint employers." Resp. 4, ECF No. 30. Plaintiff argues that Defendant was in fact his joint employer under the FLSA in light of the economic realities of their relationship. *Id.* at 4–10. Plaintiff also argues that, based on a Department of Labor Administrator's Interpretation, Defendant was his horizontal joint employer. *Id.* at 10–15.[4]

The Court -- finds that Plaintiff has plausibly pleaded the existence of an employment relationship with Defendant under the economic realities test.[5] Under the FLSA, an employment relationship must exist for liability to attach. *See Donovan v. Grim Hotel Co.*, 747 F.2d 966, 971 (5th

---

[3] Defendant attached a purported copy of Plaintiff's employment contract with Proveedora to support its Motion. Mot. to Dismiss Ex. A. However, the Court may consider documents attached to a motion to dismiss only if the documents are "referred to in the plaintiff's complaint and are central to her claim." *Collins*, 224 F.3d at 498–499. Here, the Complaint contains no references to an employment contract with Proveedora. Moreover, the purported contract is not central to Plaintiff's FLSA claims. Rather, Plaintiff relies on "substantial, other evidence" to support its claims that Defendant was his employer. *See Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536–37 (5th Cir. 2003) (concluding that a report outside the pleadings was not central to the plaintiffs' claims where the plaintiffs largely relied on other evidence to support their claims and the report was "much more central" to the defendant's defenses).

[4] Defendant's Reply suggests Plaintiff's reliance on the joint-employment doctrine was "newly articulated" in Plaintiff's Response. Reply 4, ECF No. 31. This is incorrect. Plaintiff specifically alleged in his Complaint that Defendant and Proveedora were his "vertical and/or horizontal joint employers." Compl. 3.

[5] In light of this conclusion, the Court need not address Plaintiff's arguments concerning horizontal joint employment.

Cir. 1984) ("To be bound by the requirements of the Fair Labor Standards Act, one must be an employer."). The FLSA's definition of "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Moreover, the FLSA contemplates the possibility that a single employee may be jointly employed by two or more employers. 29 C.F.R. § 791.2.

Courts in the Fifth Circuit rely on the economic realities test to determine whether an employment relationship exists. The economic realities of a relationship are determined by examining "whether the alleged employer: (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Orozco v. Plackis*, 757 F.3d 445, 448 (5th Cir. 2014) (quoting *Gray v. Powers,* 673 F.3d 352, 354 (5th Cir. 2012)). In the joint-employment context, courts must apply the test to "each individual or entity alleged to be an employer and each must satisfy the four part test." *Watson v. Graves*, 909 F.2d 1549, 1556 (5th Cir. 1990). Nevertheless, all four factors "need not be present in every case." *Gray*, 673 F.3d at 357.

Regarding the first factor, Plaintiff does not set forth in his Complaint any allegations relevant to Defendant's ability to hire or fire Plaintiff. Rather, Plaintiff waited until his Response to allege facts concerning Defendant's power to fire him. Resp. 6–7. Because courts may rely only on facts in the plaintiff's complaint in ruling on a motion to dismiss for failure to state a claim, the new facts provided by Plaintiff in his Response must be disregarded. *See* Fed. R. Civ. P. 12(d); *Kunzweiler v. Zero.Net, Inc.*, No. CIV.A.3:00-CV-2553-P, 2002 WL 1461732, at *18 (N.D. Tex. July 3, 2002) ("Plaintiff's Supplemental Response will not be considered by the Court because it seeks to add new facts to the Complaint rather than provide new analysis to facts already pled in the Complaint.").

As to the second factor, Plaintiff makes a variety of allegations concerning whether Defendant supervised and controlled Plaintiff's work schedule and conditions of employment. First, Plaintiff alleges that, after being hired by Proveedora, he was assigned to work exclusively in Defendant's El Paso warehouse as a full-time employee. Compl. 2. Second, Plaintiff alleges that, while working in Defendant's warehouse, he was required to abide by Defendant's employment policies. *Id.* at 3. Finally, Plaintiff alleges that Defendant issued him a uniform and work schedule, and provided him with the training, equipment, tools, and materials necessary to perform his duties as a warehouse clerk. *Id.* These allegations are sufficient to conclude that the second factor suggests an employment relationship existed. *See Itzep v. Target Corp.*, 543 F. Supp. 2d 646, 654 (W.D. Tex. 2008) (finding a fact issue on the existence of an employment relationship where the alleged employer provided supplies, required workers to dress in uniform, enforced highly structured work policies, and supplied training documents).

Regarding the third factor, the Complaint is somewhat sparse as to allegations concerning whether Defendant determined the rate and method of Plaintiff's payment. Plaintiff alleges simply that "[Defendant] paid [Plaintiff] in Mexican pesos" and that "[a]t some point, [Plaintiff's] gross weekly salary was increased to $2,555.00 Mexican pesos," which is about twenty five pesos more than his original salary. *Id.* While it is unclear whether Proveedora or Defendant made the decision to increase Plaintiff's salary, Plaintiff alleges that Defendant paid him his salary rather than Proveedora. Taking Plaintiff's allegations as true, they are sufficient to conclude that the third factor suggests an employment relationship existed.

Finally, as to whether Defendant maintained employment records, the Court faces two obstacles in analyzing this factor. First, similar to Plaintiff's allegations concerning Defendant's power to hire and fire him, Plaintiff waited until his Response to allege relevant facts. Resp. 9–10. The Court does not consider those. Second, Plaintiff alleged a violation of the FLSA recordkeeping

provision, which if true, suggests that Plaintiff would be unable to present evidence relevant to this factor. The Court notes, however, that the absence of employment records alone is insufficient to negate the finding of an employment relationship. *See Watson*, 909 F.2d at 1555 ("And it is undisputed that neither the Jarreaus, nor the Sheriff or the Warden kept any employment records whatsoever. Alone however, those superficial facts do not preclude application of FLSA . . . .").

In any case, the Court finds that Plaintiff has plausibly alleged the existence of an employment relationship with Defendant under the economic realities test. The allegations in the Complaint suggest that Defendant supervised and controlled Plaintiff's conditions of employment and that Defendant had the power to set the rate and method of payment. Given that each factor "need not be present in every case," evidence satisfying the second and third factors is sufficient. *Gray*, 673 F.3d at 357; *cf. Garcia v. Garcia*, No. 7:15-CV-314, 2016 WL 4394338, at *7 (S.D. Tex. Aug. 18, 2016) (denying summary judgment where an alleged employer satisfied two prongs of the economic realities test).[6]

### 2. Plaintiff's allegations concerning Defendant's enterprise status

The second group of arguments Defendant makes relate to enterprise status under the FLSA. First, Defendant argues that "Plaintiff attempts to establish that [Defendant] has a duty under the FLSA by alleging [Defendant] and Proveedora are a single enterprise." Mot. to Dismiss 5. Defendant characterizes this allegation as "founded on the class of conclusory statements and speculation that are insufficient to rebut a 12(b)(6) motion." *Id.* Next, Defendant points to the independent-contractor exclusion in the FLSA's definition of enterprise and argues "Plaintiff's Original Complaint merely shows that he was an independent contractor who was hired by

---

[6] In its Reply, Defendant challenges Plaintiff's allegations concerning joint employment. Reply 4–5. Because these challenges are raised for the first time in the Reply, the Court need not address Defendant's argument that Plaintiff failed to apply the economic realities test to Proveedora in his Response. *See Lee v. Tyco Elecs. Power Sys., Inc.*, 393 F. Supp. 2d 429, 432 n.9 (N.D. Tex. 2005) (refusing to address an argument first raised in a reply brief).

Proveedora to provide services to [Defendant]." *Id.* According to Defendant, "Plaintiff's services as an independent contract [sic] are insufficient to show [Defendant] had a duty under the FLSA." *Id.*

Concerning the first argument above, Defendant is mistaken. Nowhere in the Complaint does Plaintiff allege that Defendant and Proveedora are a single enterprise. In fact, Plaintiff alleges that Defendant alone "is and was at all relevant time periods herein an enterprise engaged in commerce or the production of goods for commerce." Compl. 4. Defendant appears to conflate the question of enterprise status with the question of joint employment. Unlike the existence of an employment relationship, which is necessary to establish liability, enterprise status is "relevant only to the issue of coverage." *Howard v. John Moore, L.P.*, No. CIV.A. H-13-1672, 2014 WL 5090626, at *4 (S.D. Tex. Oct. 9, 2014) (quoting *Patel v. Wargo*, 803 F.2d 632, 637 (11th Cir. 1986)). Indeed, enterprise status "speaks to the requirement that the plaintiff's employer be engaged in commerce, not to whether certain defendants are joint employers under the FLSA." *Austin v. Onward, LLC*, No. 3:14-0350, 2015 WL 12940029, at *6 (S.D. Tex. Apr. 2, 2015). The commerce issue is relevant because the FLSA's wage provisions apply when an employee's employer is "engaged in commerce or the production of goods for commerce." 29 U.S.C. §§ 206–207.

As to Defendant's observation concerning the independent-contractor exclusion in the FLSA's definition of enterprise, it too misses the mark. The definition of enterprise under the FLSA does indeed exclude services provided by an independent contractor. 29 U.S.C. § 203(r). Be that as it may, whether Plaintiff was an independent contractor is simply irrelevant to whether Defendant is an enterprise under the FLSA. Further, as explained above, whether Defendant is an enterprise is simply irrelevant to whether Plaintiff was its employee. Additionally, nothing in the Complaint suggests that Plaintiff's allegations related to Defendant's enterprise status are premised on the services Plaintiff provided as a warehouse clerk. To the extent that Defendant intended to argue that Plaintiff alleged only an independent-contractor relationship rather than an employer-employee

relationship, the Court has explained above that Plaintiff plausibly alleged an employment relationship under the economic realities test. Given that Defendant cited no authority and provided no analysis relating to whether Plaintiff was an independent contractor, the Court need not address the issue any further at this stage in the proceedings.

## III. CONCLUSION

For the forgoing reasons, Defendant's Motion to Dismiss, ECF No. 4, is **DENIED**.

**SO ORDERED.**

SIGNED this 11th day of October, 2017.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE